# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEX GLADKIKH, et ux., | : | CIVIL ACTION NO. **3:CV-05-2402** |
| Plaintiffs | : | |
| v. | : | (Magistrate Judge Blewitt) |
| LYLE INDUSTRIES, INC., | : | |
| Defendant | : | |

## MEMORANDUM AND ORDER

**I. Background.**

On November 18, 2005, this action was removed to federal court by Defendant Lyle Industries, Inc., pursuant to 28 U.S.C. § 1446(a). Presently before the Court is the Plaintiffs' motion to remand the matter to the Court of Common Pleas of Lackawanna County. **(Doc. 5)**.[1] Therein, the Plaintiffs seek to remand the matter, arguing that the "Defendant filed its Notice of Removal on or about November 18, 2005, more than four months after being served with Plaintiffs' writ of summons." (Doc. 5, pp. 1-2). Plaintiffs argue that Defendant's Notice of Removal was filed more than thirty days after its receipt of the writ of summons in this matter and, therefore, Defendant has waived its right to remove the above action to federal court. Plaintiffs state that Defendant received notice of their claim on July 28, 2005, when it was served with the writ of summons and civil cover sheet. Indeed, Defendant admits that it was served with the Praecipe, writ of summons and civil cover sheet by Plaintiffs on July 25, 2005. (Doc. 5, ¶ 2. & Doc. 7, ¶ 2.). Thus, certainly, Defendant

---

[1] The parties consented to proceed before the undersigned pursuant to 28 U.S.C. § 636(c). (Doc. 12).

did file its notice of removal almost four (4) months after being served with Plaintiffs' writ of summons, *i.e.* July 28, 2005 to November 18, 2005.

Defendant argues that it filed its notice of removal within thirty (30) days of receiving Plaintiffs' complaint and, thus, contends that removal was timely. Indeed, Plaintiffs' complaint was filed October 26, 2005 in the Court of Common Pleas of Lackawanna County. Therefore, Defendant did file its notice of removal within thirty (30) days of the fling of Plaintiffs' complaint.

**II. Discussion.**

The question is which event triggered the running of the thirty (30)-day period for purpose of removal, the writ of summons or the complaint.

"The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b). "It is well established that this thirty day period is mandatory and cannot be extended by the Court." *Maglio v. F.W. Woolworth Co.*, 542 F. Supp. 39, 40 (E.D. Pa. 1982) (Citations omitted).

It is the Plaintiffs' position that on July 25, 2005, the writ of summons and civil cover sheet were served on the Defendant. (Doc. 5, Exhibit "B"). Therefore, according to Plaintiffs, the Defendant had thirty (30) days from July 25, 2005 to remove the action. However, the action was not removed until November 18, 2005.

Defendant states that the initial pleading for removal purposes is the complaint and not the writ of summons. Defendant cites to *Sikirica v. Nationwide Ins. Co.*, 416 F. 3d 214 (3d Cir. 2005), wherein both parties acknowledge that the court held that a writ of summons alone could not trigger the thirty (30)-day removal period. Plaintiffs attempt to distinguish *Sikirica* from the present case and argue that *Sikiricia*, in which the Defendant was informed of federal jurisdiction by a combination of the writ and an unfiled demand letter, is inapplicable to our case, since in our case, Plaintiffs' writ of summons alone identified the basis for diversity jurisdiction and their civil cover sheet indicated that the case was for negligence and product liability. Plaintiffs contend that in the present case, the writ of summons which shows diversity of the parties, and the civil cover sheet, which indicated that they were alleging product liability and negligence, are within the requirements of § 1446. Thus, Plaintiffs argue that their writ and civil cover sheet should be construed as the initial pleading setting forth their claim for relief.

Defendant is correct that the Plaintiffs' civil cover sheet stated "NGL/PROD." (Doc. 6, Ex. A). We agree with Defendant that the civil cover sheet did not adequately specify the basis of Plaintiffs' claim. We also find Defendant to be correct that, in light of *Sikirica*, its notice of removal, filed within thirty (30) days of the filing of Plaintiffs' complaint, was timely.

The removal statute is very clear, in that it states that "the thirty day period is to commence from 'the receipt by the defendant, through service or otherwise,' of a pleading from which it may first be ascertained that the case is removable." *Maglio*, 542 F. Supp. at 41 *quoting* 28 U.S.C. § 1446(b); *Foster v. Mutual Fire, Marine & Inland Insurance Company*, 986 F.2d 48, 53 (3d Cir. 1993).

3

Notwithstanding the fact that Plaintiffs' writ of summons did contain the addresses of the parties, indicating that Plaintiffs resided in Hazleton, Pennsylvania, and that Defendant's principal place of business was in Michigan, and notwithstanding their civil cover sheet which indicated "NGL/PROD" (Doc. 6, Ex. A), we find that these were not pleadings from which it could first be ascertained that the case was removable. On the contrary, there is clearly adequate notice of federal jurisdiction provided by the Plaintiffs' Complaint. We are constrained to follow *Sikirica,* and we find Plaintiffs' attempt to distinguish it from our case to be unavailing.

In *Sikirica v. Nationwide Ins. Co.*, 416 F. 3d at 222, the Court specifically stated that "a summons may not serve an an initial pleading under *Murphy Bros*." The Court also looked to the general specifics of a writ of summons in Pennsylvania, and found that it was insufficient to notify the Defendant what the action was about and the relief sought. In our case, while Plaintiffs claim that the civil cover sheet was sufficient to notify Defendants what their action was about, we find that, with its abbreviated code, it was not. Further, the writ itself contained no further information about the nature of the action or the relief sought. Thus, we find that the Plaintiffs' writ and civil cover sheet did not fully give notice of the grounds for federal diversity jurisdiction. They do not constitute the initial pleading.

As the *Sikirica* Court, *supra* at 224, concluded:

> The "initial pleading" here was the complaint, not the summons, but the complaint provided notice of the grounds for federal diversity jurisdiction, so the second paragraph of Section 1446(b) does not apply; Sikirica's reliance on "other papers" is unfounded. Nationwide did not receive notice of federal diversity jurisdiction before the complaint was filed on July 8, 2002. The action was timely

> removed on July 22, 2002, less than 30 days later; the District Court's denial of the motion to remand was not in error.

*See also K.S. v. School Dist. of Phila.*, 2005 WL 3150253 * 2, n. 11 (E. D. Pa.)

We find that the thirty-day removal period commenced upon the filing of Plaintiffs' Complaint on October 26, 2005. The Defendant timely filed its notice for removal on November 18, 2005, pursuant to 28 U.S.C. § 1446(b). Therefore, we will deny Plaintiffs' Motion to Remand. (Doc. 5).

An appropriate Order follows.

        **s/ Thomas M. Blewitt**
        **THOMAS M. BLEWITT**
        **United States Magistrate Judge**

**Dated: February 1, 2006**

# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALEX GLADKIKH, et ux., | : | CIVIL ACTION NO. **3:CV-05-2402** |
| Plaintiffs | : | |
| v. | : | (Magistrate Judge Blewitt) |
| LYLE INDUSTRIES, INC., | : | |
| Defendant | : | |

## **ORDER**

Based on the foregoing, **IT IS HEREBY ORDERED THAT** the Plaintiffs' Motion to Remand **(Doc. 5)** this case to the Court of Common Pleas of Lackawanna County is **DENIED.**[2]

**s/ Thomas M. Blewitt_____**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: February 1, 2006**

---

[2]Since Defendant already filed its Answer to the Complaint, we shall set up a scheduling conference.